IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION -- KNOXVILLE

| | | |
|---|---|---|
| Wade Carter, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:22-cv-148 |
| I.C. System, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Wade Carter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Wade Carter ("Carter"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed to AT&T/DirecTV ("AT&T").

4. Defendant, I.C. System, Inc. ("ICS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.

Defendant ICS operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Tennessee. In fact, Defendant ICS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant ICS is authorized to conduct business in Tennessee, and maintains a registered agent here, see, record from the Tennessee Secretary of State, attached as Exhibit A. In fact, Defendant conducts extensive business in Tennessee.

**FACTUAL ALLEGATIONS**

6. On August 23, 2019, Mr. Carter and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Carter, E.D.Tenn.Bankr. No. 3:19-bk-32712-SHB. Among the debts listed on Schedule E/F of Mr. Carter's Bankruptcy Petition was a debt that he allegedly owed to AT&T/DirecTV, see, excerpt of Schedule E/F, attached as Exhibit B.

7. Accordingly, on August 25, 2019, AT&T was sent notice of the bankruptcy, via U.S. Mail, by the Bankruptcy Noticing Center, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

8. Moreover, on December 5, 2019, Mr. Carter received a discharge of his debts, and on December 6, 2019, AT&T/DirecTV was sent notice of the discharge via electronic transmission by the Bankruptcy Noticing Center, see, the Certificate of Service to the Order of Discharge, attached as Exhibit D.

9. Nonetheless, Defendant sent Mr. Carter collection letters, one in July of 2020, and one in August of 2020, demanding payment of the AT&T/DirecTV debt he

allegedly owed prior to the bankruptcy. Copies of these collection letters are attached as Group Exhibit E.

10. Accordingly, Mr. Carter's attorneys had to send ICS a letter dated September 14, 2020, to tell it to stop its improper attempt to collect a debt that had been discharged in Mr. Carter's bankruptcy. A copy of this letter is attached as Exhibit F.

11. Undeterred, Defendant sent Mr. Carter a collection letter in early April of 2022, attempting to collect the AT&T/DirecTV debt that had been discharged in Mr. Carter's bankruptcy. A copy of this collection letter is attached as Exhibit G.

12. Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files of the creditor, is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services and was in ICS's own files.

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and **unfair** debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the way debt collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and demanding payment of a debt that a consumer no longer owes and has refused to pay, see, 15 U.S.C. § 1692(c)(c)

15. Moreover, to eliminate deceptive collection practices, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in

connection with the collection of a debt, see, 15 U.S.C. § 1692e.

16. Mr. Carter had been informed by counsel and believed that he had the right to refuse to pay this debt, to demand that collection communications cease, to a fresh start, and a right to privacy – to be left alone about his prior debts.

17. Defendant's repeated collection demands, after he had filed for bankruptcy and had been discharged, made Plaintiff believe that his exercise of his rights, through filing bankruptcy, may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA. Defendant's collection actions resulted in a direct invasion of Mr. Carter's legally-protected right to be left alone, his right to privacy, and his right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA.

18. Defendant's actions caused Plaintiff to question whether his counsel had done their job, whether this debt was discharged in his bankruptcy, and whether he had the right to be left alone – all of which upset, emotionally distressed, outraged, and alarmed Mr. Carter.

19. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

20. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Harvey v. Great Seneca Fin.Corp., 453 F.3d 324, 328 (6th Cir. 2006); Cagayat v. United Collection Bureau, Inc., 952 F.3d 749, 757 (6th Cir. 2020).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

23. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

24. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

27. Here, the bankruptcy, the notices issued by that court and the letter from Plaintiff's attorney to ICS, all provided notice to cease communications and cease collections. By communicating directly with Mr. Carter regarding this debt and demanding payment (Exhibit G), despite his bankruptcy, Defendant violated § 1692c(c)

5

Case 3:22-cv-00148-TAV-DCP   Document 1   Filed 04/25/22   Page 5 of 7   PageID #: 5

of the FDCPA.

28. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

29. Plaintiff adopts and realleges ¶¶ 1-20.

30. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

31. Defendant knew that Mr. Carter was represented by counsel in connection with this debt because of the letter that his counsel sent, on his behalf, to ICS (Exhibit F) to stop its initial improper collection attempts. By directly sending Mr. Carter the collection letter (Exhibit G), despite knowing that he was represented by counsel, Defendant ICS violated § 1692c(a)(2) of the FDCPA.

32. Defendant ICS's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Wade Carter, prays that this Court:

1. Find that Defendant's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and

6

Case 3:22-cv-00148-TAV-DCP   Document 1   Filed 04/25/22   Page 6 of 7   PageID #: 6

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.     Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Wade Carter, demands trial by jury.

Wade Carter,

By: s/ David J. Philipps_____
One of Plaintiff's Attorneys

By: s/ Cynthia T. Lawson_____
One of Plaintiff's Attorneys

Dated: April 25, 2022

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson   (TN Bar No. 018397)
Cindy Lawson & Associates, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com